# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**MARY BARNES,**

    Plaintiff,

v.                                      Case No. 8:09-CV-524-T-30MAP

**HUMANA, INC., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 6) and Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Dkt. 23). The Court, having considered the motion and response, and being otherwise fully advised, finds that Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 6) should be granted.

## BACKGROUND

On March 20, 2009, Defendants removed Plaintiff's action to this Court. (Dkt. 1). The grounds for the removal were that this Court had original jurisdiction pursuant to 28 U.S.C. §1331 and 5 U.S.C. §8902(m)(1), because Plaintiff's claims were governed and completely preempted by the Federal Employee Health Benefit Act ("FEHBA"). (Dkt. 1). Plaintiff's second amended complaint asserts causes of action against Defendants for: intentional infliction of emotional distress (Count I); breach of contract (Count II); breach

of implied covenant of good faith (Count III); and breach of fiduciary duty (Count IV). (Dkt. 2). The causes of action all relate to Defendants' alleged failure to provide Plaintiff, a paraplegic, with home heath care to which she claims she was entitled under her health plan.

On March 31, 2009, Defendants filed their motion to dismiss and incorporated memorandum of law, arguing, in part, that the FEHBA completely preempts all of Plaintiff's state-law claims. (Dkt. 6). On April 17, 2009, Plaintiff filed a motion to remand to state court, stating that the FEHBA does not completely preempt state law. (Dkt. 11). On May 26, 2009, the Court denied Plaintiff's motion to remand, holding that the FEHBA completely preempts Plaintiff's claims. On June 15, 2009,[1] Plaintiff filed her response in opposition to Defendants' motion to dismiss. (Dkt. 23). Plaintiff concedes that the FEHBA preempts Counts II-IV of the second amended complaint pursuant to this Court's order denying her motion to remand, but argues that her claim for intentional infliction of emotional distress (Count I) should remain in this Court because it does not relate to Plaintiff's FEHBA plan.

## DISCUSSION

**I.      Motion to Dismiss Standard**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual

---

[1] Plaintiff responded to the motion to dismiss on June 15, 2009, based on the parties' agreement that Plaintiff's response would not be due until twenty (20) days after the Court's order on Plaintiff's motion to remand.

deductions or legal conclusions masquerading as facts will not prevent dismissal." Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1959, 1965; see also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding Twombly "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

## II. Count I of Plaintiff's Second Amended Complaint for Intentional Infliction of Emotional Distress

Plaintiff argues that the FEHBA does not preempt her claim for intentional infliction of emotional distress because the alleged conduct on the part of Defendants does not relate to the terms of Plaintiff's FEHBA plan. Rather, Plaintiff contends that Defendants' actions of intentionally interfering with her ability to get medical treatment by intimidating her

doctor and lying to Plaintiff about her entitlement under the policy for certain medical care are independent of the terms of the FEHBA plan.

A review of Count I, however, indicates that Plaintiff's allegations in support of her claim are inextricably connected to Defendants' alleged wrongful denial of benefits, which does relate to the terms of the FEHBA plan. See Estate of Shelia Williams-Moore, RN v. Alliance One Receivables Management, Inc., 335 F. Supp. 2d 636, 655 (M.D.N.C. 2004) (holding that claim for intentional infliction of emotional distress was based on alleged wrongful denial of benefits and therefore preempted by the FEHBA); see also Williams by Williams v. Blue Cross and Blue Shield of Virginia, 827 F. Supp. 1228, 1230 (E.D. Va. 1993). Accordingly, Count I of the second amended complaint should also be dismissed because it is preempted by the FEHBA.

## **CONCLUSION**

For the reasons set forth herein and as set forth in the Court's order denying Plaintiff's motion to remand (Dkt. 22) it is therefore

ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss and Incorporated Memorandum of Law (Dkt. 6) is hereby **GRANTED**.

2. Plaintiff's second amended complaint is **DISMISSED WITHOUT PREJUDICE** to Plaintiff to exhaust her administrative remedies and file a claim under the FEHBA.

3. The Clerk is directed to **CLOSE** this case and any pending motions shall be denied as moot.

**DONE** and **ORDERED** in Tampa, Florida on June 23, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-524.mtdismiss.wpd